**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eight Floor
New York, NY 10011
Tel.: 212-465-1180
Fax: 212-465-1181
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs, and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

CARLOS ANTONIO RIOS and
JOSE MANUEL RAMIREZ TEJADA
*on behalf of themselves, FLSA Collective Plaintiffs, and the Class,*

                Plaintiffs,

v.

NEW LIMITS RESTORATION CORP.,
d/b/a NEW LIMITS,
NEW LIMITS CONSTRUCTION CORP.,
d/b/a NEW LIMITS,
and JUAN VILLALBA,

                Defendants.

---

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Jury Trial Demanded

Plaintiffs, CARLOS ANTONIO RIOS ("Plaintiff RIOS") and JOSE MANUEL RAMIREZ TEJADA ("Plaintiff TEJADA") on behalf of themselves and others similarly situated, by and through their undersigned attorneys, hereby file this class and collective action Complaint against Defendants, NEW LIMITS RESTORATION CORP., d/b/a NEW LIMITS, NEW LIMITS CONSTRUCTION CORP., d/b/a NEW LIMITS, (the "Corporate Defendants"), and JUAN VILLALBA ("Individual Defendant") (collectively, "Defendants") and states as follows:

## INTRODUCTION

1. Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that Plaintiffs, FLSA Collective Plaintiffs, and similarly situated individuals are entitled to recover from Defendants: (1) unpaid wages, (2) unpaid overtime premium, (3) unpaid wages, including overtime, due to time shaving, (4) liquidated damages, and (5) attorney's fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL"), Plaintiffs and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, (2) unpaid overtime premium, (3) unpaid wages, including overtime, due to time-shaving, (4) unpaid spread of hours premium, (5) unreimbursed tools of trade, (6) frequency of payment, (7) statutory penalties, (8) liquidated damages, and (9) attorney's fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, CARLOS ANTONIO RIOS, is a resident of Bronx County, New York.

6. Plaintiff, JOSE MANUEL RAMIREZ TEJADA, is a resident of Queens County, New York.

7. Corporate Defendants:

   (a) Corporate Defendant NEW LIMITS RESTORATION CORP., d/b/a NEW LIMITS, is a domestic business corporation organized under the laws of New

York, with an address for service of process located at 64 Village Road North, Brooklyn, NY 11223.

(b) Corporate Defendant NEW LIMITS CONSTRUCTION CORP., d/b/a NEW LIMITS, is a domestic business corporation organized under the laws of New York, with an address for service of process located at 1377 Eggert Pl, Far Rockaway, NY 11691.

8. Individual Defendant, JUAN VILLALBA is the principal and executive officer of Corporate Defendants. Defendant JUAN VILLALBA exercises operational control as it relates to all employees including Plaintiffs, FLSA Collective Plaintiffs, and the Class. JUAN VILLALBA exercises the power to, and delegates to managers and supervisors the power to, fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees, including those of Plaintiffs, FLSA Collective Plaintiffs, and the Class. At all times, JUAN VILLALBA would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. JUAN VILLALBA exercised functional control over the business and financial operations of all Corporate Defendants. JUAN VILLALBA had the power and authority to supervise and control supervisors of Plaintiffs, FLSA Collective Plaintiffs, and Class members, and could reprimand employees.

9. Defendants collectively own and operate a restoration and construction company under the trade name "New Limits." Defendants do not possess a principal place of business or an established office. Itinerantly, Defendants set-up a small room to act as a temporal office at the location in which Defendants have to perform their services (such as building, restoring, or

demolishing). During Plaintiffs' employment, Defendants set their office at the following addresses:

    a) 138 71st Street, Brooklyn, NY 11209 (the "Brooklyn construction"),

    b) 1076, Madison Avenue, New York, NY 10028 (the "Madison construction").

10. Defendants operate as a single integrated enterprise under the common control of Corporate and Individual Defendants. Specifically, Individual Defendant JUAN VILLALBA manages and oversees New Limits.

11. At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

12. At all relevant times, Plaintiffs, FLSA Collective Plaintiffs, and Class members had an employment relationship with Defendants under FLSA and NYLL. *See* **Exhibit A**.

13. At all relevant times, the work performed by Plaintiffs, FLSA Collective Plaintiffs, and Class members was directly essential to the business operated by Defendants

## FLSA COLLECTIVE ACTION ALLEGATIONS

14. Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including, but not limited to laborers, scaffold mechanics, builders, foremen, helpers, fixers, framers, installers, among others) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (hereinafter, "FLSA Collective Plaintiffs").17.At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them their

4

proper wages, including overtime, due to a policy of time-shaving. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

15. The claims for relief are properly plead under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

16. Plaintiffs bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees (including, but not limited to laborers, scaffold mechanics, builders, foremen, helpers, fixers, framers, installers, among others) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

17. All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members can be determined from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determined from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

18. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number

are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

19. Plaintiffs' claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants of (i) failing to pay wages, (ii) failing to pay overtime, (iii) failing to pay wages, including overtime, for all hours worked due to time-shaving (iv) failing to pay spread of hours premium, (v) failing to reimburse tools of trade, (vi) failing to provide proper wage statements per requirements of NYLL, and (vii) failing to properly provide wage notices to Class members, at the date of hiring and annually, per requirements of NYLL.

20. Defendants' corporate policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

21. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

22. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and

without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small, in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

23. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

24. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a) Whether Defendants employed Plaintiffs and the Class within the meaning of New York law and applicable state laws;

(b) Whether there were policies, practices, programs, procedures, protocols, and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiffs and Class members properly;

(c) what common rate, or rates subject to common methods of calculation, were Defendants required to pay Plaintiffs and Class members for their work;

(d) Whether Defendants properly notified Plaintiffs and Class members of their hourly rates and overtime rates;

(e) Whether Defendants properly compensated Plaintiffs and Class members for all hours worked;

(f) Whether Defendants paid Plaintiffs and Class members the overtime premium at one-and-one-half times their straight time base hourly rates for all hours worked in excess of forty (40) each workweek under NYLL;

(g) Whether Defendants operated their business with a policy of failing to pay Plaintiffs, FLSA Collective Plaintiffs, and Class members for all hours worked due to a policy of time-shaving;

(h) Whether Defendants paid the Spread of Hours premium owed to employees working more than ten (10) hours per day as required by NYLL.

(i) Whether Defendants provided proper wage statements informing employees of information required to be provided on wage statements as required under NYLL and applicable state laws;

(j) Whether Defendants provided proper wage and hour notice to employees, including, among others, the rate of compensation, trade name of employer, pursuant to the requirements of NYLL and applicable state laws;

(k) Whether Defendants reimbursed Plaintiffs and the Class costs and repairing costs of tools of the trade, pursuant to the requirements of NYLL and applicable state laws;

(l) Whether Defendants frequency of payment of wages complied with the requirements of NYLL and applicable state laws.

## STATEMENT OF FACTS

*Plaintiff CARLOS ANTONIO RIOS*

25. On or around April 16, 2021, Plaintiff CARLOS ANTONIO RIOS was hired by Defendants to work as a Scaffold Mechanic for Defendants' Brooklyn construction site.

26. Plaintiff RIOS quit on May 7, 2021 after working for Defendants for around three (3) weeks without pay.

27. Throughout his employment, Plaintiff RIOS was regularly scheduled to work five (5) days per week, from Mondays to Fridays from 8:00 a.m. to 4:30 p.m. for a total of forty-two and half (42.5) hours per week.

28. During his employment, Plaintiff RIOS regularly continued working after 4:30 p.m. for at least three (3) days per week for around thirty (30) minutes past his scheduled shift. Thus, Plaintiff RIOS engaged in off-the-clock work for at least one and half (1.5) hours per week, resulting in unpaid wages, including overtime, for such time-shaving violations. Plaintiff RIOS performed substantial off-the-clock work after his scheduled shifts without proper

compensation. FLSA Collective Plaintiffs and Class members similarly engaged in off-the-clock work without compensation.

29. During his employment with Defendants, Plaintiff RIOS was supposed to be compensated $22.50 per hour.

### *Plaintiff JOSE MANUEL RAMIREZ TEJADA*

30. In or around April 5, 2021, Plaintiff JOSE MANUEL RAMIREZ TEJADA was hired by Defendants to work as a Scaffold Mechanic for Defendants' Brooklyn construction site.

31. Plaintiff RAMIREZ quit on April 16, 2021, after finding that Defendants do not pay their employees, including Plaintiffs, FLSA Collective Plaintiffs, and Class members, their proper compensation.

32. Throughout his employment, Plaintiff RAMIREZ was regularly scheduled to work five (5) days per week, from Mondays to Fridays from 8:00 a.m. to 4:30 p.m. for a total of forty-two and half (42.5) hours per week.

33. During his employment, Plaintiff RAMIREZ regularly continued working after 4:30 p.m. for at least three (3) days per week for around thirty (30) minutes past his scheduled shift. Thus, Plaintiff RAMIREZ engaged in off-the-clock work for at least one and half (1.5) hours per week, resulting in unpaid wages, including overtime, for such time-shaving violations. Plaintiff RAMIREZ performed substantial off-the-clock work after his scheduled shifts without proper compensation. FLSA Collective Plaintiffs and Class members similarly engaged in off-the-clock work without compensation.

34. During his employment with Defendants, Plaintiff RAMIREZ was supposed to be compensated $25 per hour.

35. At all relevant times, Defendants never compensated Plaintiffs, FLSA Collective Plaintiffs, and Class members for the work performed during their employment. As several Class Members noted on social media, Defendants have the unlawful practice of not paying their employees for their work. *See* **Exhibit B**.

36. Moreover, Defendants failed to pay Plaintiffs, FLSA Collective Plaintiffs, and Class Member on payday. Specifically, Defendants continuously delayed payments, communicating Plaintiffs and Class Members that their wages would be paid "the next week." *See* **Exhibit C**. Currently, Defendants still owe Plaintiffs and Class Members the totality of their wages, including overtime, and wages for work performed off-the-clock.

37. At all relevant times, Defendants failed to pay Plaintiffs and Class Members wages, as manual employees, on a weekly basis, in violation of NYLL and state regulations.

38. At all relevant times, Plaintiffs and Class members, regularly worked over forty (40) hours per week. However, Plaintiffs were not compensated their overtime premiums at any time during their work. Similarly, FLSA Collective Plaintiffs and Class members also worked similar hours that regularly exceeded forty (40) hours over the week.

39. At all relevant times, Defendants failed to track Plaintiffs, FLSA Collective Plaintiffs, and Class Members worked hours. Specifically, when Plaintiffs and Class Members began to work, Defendants made them sign a notebook with Plaintiffs and Class Members starting time marked as 8:30 a.m., regardless of the time Plaintiffs began to work. At the end of their shifts, when Plaintiffs and Class Members finished their tasks, Defendants did not allow them to enter their exit times. Because of this practice, Plaintiffs, FLSA Collective Plaintiffs, and Class members engaged in substantial off-the-clock work without compensation.

40. On several occasions, Plaintiffs were required to work over ten (10) hours per day. However, they never received any spread of hours premium for working such shifts, as required under NYLL. FLSA Plaintiffs and Class Members worked similar shifts exceeding ten (10) hours in duration and were never paid spread of hours premium.

41. At all relevant times, Plaintiffs and Class Members had to buy and provide their tools and working materials, such as helmets, boots, instruments, and tools to perform work for Defendants. Defendants did not reimburse Plaintiffs for any of the costs associated with buying and maintenance of their safety tools and construction instruments

42. Defendants knowingly and willfully operated their business with a policy of not paying wages for all hours worked and the proper overtime rate thereof to Plaintiffs, FLSA Collective Plaintiffs, and Class Members in violation of FLSA and NYLL.

43. At no time during the relevant periods did Defendants provide Plaintiffs or Class members with proper wage notices, at the beginning of employment and annually thereafter as required by NYLL.

44. At no time during the relevant periods did Defendants provide Plaintiffs or Class members with proper wage statements as required by NYLL. Plaintiffs and Class members received fraudulent wage statements that reflected only part of their hours, and not actual hours worked.

45. Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiffs in this litigation and agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM
## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFFS

46. Plaintiffs reallege and reaver Paragraphs 1 through 45 of this Complaint as if fully set forth herein.

47. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a).

48. At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of FLSA.

49. At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.

50. At all relevant times, Defendants engaged in a policy and practice of refusing to pay wages to Plaintiffs and FLSA Collective Plaintiffs.

51. At all relevant times, Defendants had a policy and practice of time-shaving that failed to pay Plaintiffs and FLSA Collective Plaintiffs for all hours worked.

52. Defendants failed to pay Plaintiffs and FLSA Collective Plaintiffs their wages in the lawful amount for all hours worked due to a policy of time-shaving.

53. Defendants failed to pay Plaintiffs and FLSA Collective Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in FLSA due to a policy of time-shaving.

54. Defendants failed to pay Plaintiffs and FLSA Collective Plaintiffs their proper compensation for all hours worked.

55. Records, if any, concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation, if any, paid to Plaintiffs and FLSA Collective

Plaintiffs should be in the possession and custody of Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will seek leave of Court to amend this Complaint to set forth the precise amount due.

56. Defendants knew of and/or showed a willful disregard for the provisions of FLSA as evidenced by their failure to compensate Plaintiffs and FLSA Collective Plaintiffs their proper wages, including their proper overtime premium, when Defendants knew or should have known such was due.

57. Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under FLSA.

58. As a direct and proximate result of Defendants' willful disregard of FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to FLSA.

59. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages and unpaid overtime, plus an equal amount as liquidated damages.

60. Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW ON BEHALF OF PLAINTIFFS

61. Plaintiffs reallege and reaver Paragraphs 1 through 70 of this Complaint as if fully set forth herein.

62. At all relevant times, Plaintiffs and Class members were employed by Defendants within the meaning of the New York Labor Law, §§2 and 651.

63. Defendants willfully violated Plaintiffs and Class members' rights by refusing to compensate them for all their worked hours.

64. Defendants willfully violated Plaintiffs and Class members' rights by failing to pay them wages in the lawful amount for all hours worked, including overtime premium and off-the-clock work.

65. Defendants willfully violated Plaintiffs and Class members' rights by failing to pay them the statutory Spread of Hours premium as required under NYLL.

66. Defendants willfully violated Plaintiffs and Class members' rights by failing to pay them on a weekly basis.

67. Defendants willfully violated Plaintiffs and Class members' rights by failing to reimburse costs of use and maintenance of tools of the trade.

68. Defendants knowingly and willfully operated their business with a policy of not providing Plaintiffs and Class members proper wage notice, at date of hiring and annually thereafter, as required under NYLL. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements, as required under NYLL.

69. Due to Defendants' NYLL violations, Plaintiffs and Class members are entitled to recover from Defendants unpaid wages, including overtime, unpaid wages for work performed off-the-clock, unpaid spread of hours premiums, unpaid reimbursement for tools of the trade costs, reasonable attorney's fees, liquidated damages, statutory penalties and costs, and disbursements of the action, pursuant to NYLL.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs on behalf of themselves, FLSA Collective Plaintiffs, and Class members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid wages due under NYLL;

d. An award of unpaid compensation, including overtime and off-the-clock work pursuant to NYLL;

e. An award for unpaid compensation on a weekly basis for manual employees pursuant to NYLL;

f. An award of unreimbursed tools of the trade expenses due under NYLL;

g. An award of statutory penalties, prejudgment, and post judgment interest, costs and expenses of this action together with reasonable attorney's and expert fees and statutory penalties;

h. Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

i. Designation of this action as a class action pursuant to F.R.C.P. 23;

j. Designation of Plaintiffs as Representatives of the Class;

k. Costs attributable to resolving deficiencies;

l. That Defendants be ordered to take all the necessary steps to correct the information returns identified above; and

m. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right.

Dated: October 26, 2021         Respectfully submitted,
      New York, New York

By: */s/ C.K. Lee*
    C.K. Lee, Esq.

**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 W. 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1180
Fax: 212-465-1181
*Attorneys for Plaintiffs,*
*FLSA Collective Plaintiffs,*
*and the Class*